**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH LAST,

              Petitioner,

                                 CIVIL NO. 2:08-CV-15266

v.                             HONORABLE MARIANNE O. BATTANI
                                 UNITED STATES DISTRICT COURT

CARMEN PALMER,

              Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING
PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

       Kenneth Last, ("Petitioner"), presently confined at the Michigan

Reformatory in Ionia, Michigan, has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.   In his application, filed *pro se*, petitioner

challenges his conviction and sentence for two counts of third-degree criminal

sexual conduct,  M.C.L.A. 750.520d; and being a third felony habitual offender,

M.C.L.A. 769.11.  For the reasons stated below, the petition for writ of habeas

corpus is **DENIED.**

## I. Background

       On October 4, 2005, petitioner pleaded *nolo contendere* to the above

charges in the Midland County Circuit Court.  In exchange for the plea, the

Midland County Prosecutor agreed to dismiss the original charge of first-degree

criminal sexual conduct in Case No. 05-2378 and agreed to dismiss an additional

1

charge of third-degree criminal sexual conduct in Case No. 05-2379. The prosecutor further agreed not to charge petitioner with being a fourth felony habitual offender. The prosecutor also agreed that petitioner's minimum sentence on both counts would be no greater than fifteen years and that both sentences would be served concurrently, even though petitioner could have received consecutive sentences on these charges. Petitioner was advised of the rights that he would be relinquishing by pleading *nolo contendere.* Although petitioner claimed that he had never seen anything which charged him with being an habitual offender, petitioner acknowledged having two prior convictions. The factual basis for the pleas was supplied by the prosecutor.

On December 8, 2005, petitioner appeared for sentencing and stated that he had changed his mind and wished to withdraw his plea and go to trial. Defense counsel informed the trial court judge that petitioner had made admissions about these offenses to the police and that even if there was some question about what happened with respect to the first charge that petitioner pled to, there was no doubt that the second incident qualified as criminal sexual conduct. Petitioner complained to the trial judge that his defense counsel did not offer him counseling prior to the plea or advise him regarding a polygraph which petitioner had taken prior to the plea. Petitioner further complained that counsel was not present when petitioner took his polygraph. Petitioner further alleged that the police tricked or coerced him into confessing. Petitioner claimed that

counsel saw him only one time before the plea. The trial court judge informed petitioner that based on what he had informed him, petitioner had given him no reason to replace counsel at public expense. The sentencing was adjourned to permit petitioner to consult with counsel.

On December 22, 2005, petitioner was sentenced to 15 to 30 years in prison.

Petitioner did not file an application for leave to appeal with the Michigan Court of Appeals. Instead, petitioner, through appointed counsel, filed a motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.,* which was denied on the merits. *People v. Last,* Nos. 05-2378/2379 (Midland County Circuitr Court, December 10, 2007). The Michigan Court of Appeals denied petitioner's appeal "for lack of merit in the grounds presented." *People v. Last,* No. 283504 (Mich.Ct.App. June 17, 2008). The Michigan Supreme Court denied petitioner leave to appeal "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Last,* 482 Mich. 1065 (2008).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. The trial court abused its discretion in denying defendant's motion to withdraw the plea where the plea bargain was illusory, the plea was unknowing and involuntary and induced by ineffectiveness of counsel and reversal is required.

II. The trial court abused its discretion in denying defendant's challenge to offense variable four and offense variable thirteen under

3

the guidelines where there was an insufficient basis to support the scoring and reversal is required.

## II. Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

4

### III. Discussion

**A. The *ex parte* motion for leave to file exhibits in the traditional manner.**

Petitioner has filed a motion to file exhibits in the traditional manner, on the ground that he does not have access to a computer or device which would allow him to file these exhibits electronically with the Court's CM/ECF system.

U.S. Dist.Ct. Rules, E.D. Mich. 5.1.1(a) state that "The court may excuse a party from electronic filing on motion for good cause shown."  Pursuant to Rule 3(a) of the Electronic Filing (ECF) Procedures for the Eastern District of Michigan, "[A] filing user must be an attorney admitted and in good standing to practice in the Eastern District of Michigan, an attorney authorized to represent the United States Government, or a non-incarcerated *pro se* party granted access permission."  Petitioner, as an incarcerated prisoner, by definition does not qualify as a filing user pursuant to the ECF Procedures of this Court. Because petitioner does not have access to the Court's electronic docketing system, this Court will permit him to file his exhibits in a traditional manner. [1]

**B. The procedural default issue.**

Respondent contends that petitioner's claims are procedurally defaulted because he raised them for the first time in his post-conviction motion for relief

---

[1] The Clerk of the Court, in fact, has already filed petitioner's exhibits under Docket Entry # 19 of this Court's docket.

from judgment and failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for failing to raise these claims on his direct appeal.

In *Simpson v. Jones*, 238 F. 3d 399, 407 (6th Cir. 2000), the Sixth Circuit held that a one-sentence order of the Michigan Supreme Court stating that the defendant "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)" was a reasoned decision that invoked a procedural bar. The Sixth Circuit ruled that even though the ruling was brief and did not explicitly reference M.C.R. 6.508(D)(3), the Michigan Supreme Court's statement was nevertheless "not unexplained." *Id.* at 407-408.

However, in *Abela v. Martin*, 380 F. 3d 915 (6th Cir. 2004), a different panel of the Sixth Circuit concluded that where the state trial court and court of appeals denied relief on the merits of the petitioner's federal claims and the Michigan Supreme Court denied relief on the basis of M.C.R. 6.508(D) in general, the claims raised in the federal habeas petition were not procedurally defaulted. The Sixth Circuit explained: "given that all of the lower state courts adjudicated Abela's case on the merits, it is not at all clear that the Michigan Supreme Court's summary order relies on a procedural bar, as opposed to the non-procedural reason that Abela simply failed to meet his burden of 'establishing entitlement to the relief requested.'" *Id.* at 923.

In the present case, both the trial court and the Michigan Court of Appeals denied petitioner's claims on the merits and not based on the provisions of

6

M.C.R. 6.508(D).  Because the lower state courts adjudicated petitioner's claims on the merits, it is not clear that the Michigan Supreme Court's form order relied on the procedural bar of M.C.R. 6.508(D)(3) to deny petitioner relief.  Moreover, procedural default is not a jurisdictional bar to review of the merits of an issue, *Howard v. Bouchard*, 405 F. 3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003) (*citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  The Court deems it more efficient in this case to proceed directly to the merits of the petitioner's claims.

### C.  Claim # 1.  The plea withdrawal claim.

Petitioner first contends that the trial court judge erred in refusing to permit him to withdraw his *nolo contendere* plea.

At the outset, petitioner has no federal constitutional right or absolute right under state law to withdraw his *nolo contendere* plea. *See Adams v. Burt,* 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007)(internal citations omitted).  Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty or *nolo contendere* plea is

discretionary with the state trial court. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

A plea of guilty or *nolo contendere* must be knowingly and voluntarily made. The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty or *nolo contendere. King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or *nolo contendere* plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-509 (1984). A plea of guilty or *nolo contendere* entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper

8

harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Mabry v. Johnson*, 467 U.S. at 509 (*quoting Brady v. United States*, 397 U.S. 742, 755 (1970)).

Petitioner first contends that he was entitled to withdraw his *nolo contendere* plea because it was based on an illusory plea bargain. Petitioner claims that the plea bargain was illusory because there was insufficient evidence of penetration to charge him with first-degree criminal sexual conduct in Case No. 05-2378. Petitioner further claims that he was never charged with being a fourth felony habitual offender and that such a charge could not have been timely filed at the time of the plea, therefore, the prosecutor's agreement to forego charging petitioner with being a fourth felony habitual offender was illusory.

A plea agreement is entered into involuntarily and unknowingly if the defendant is unaware that the prosecution's promise is illusory. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994). However, a plea bargain is not illusory even where a charge dropped in exchange for the plea bargain is later discovered to

9

have lacked an adequate foundation or sufficient evidence. *See United States v. Quisenberry*, 198 F. 3d 248 (Table); No. 1999 WL 1073659 * 6 (6th Cir. November 17, 1999)(*citing People v. Marsh*, 679 P. 2d 1033 (Cal.1984)). *See also U.S. v. Morgan,* 958 F. 2d 847, 849 (8th Cir. 1992)(fact that two of the seven counts against defendant were invalidated because defendant's conduct was determined not to violate the relevant statutes did not entitle defendant to withdraw his entire guilty plea).

Petitioner has failed to show that the plea bargain was illusory.  First, as the prosecutor indicated in the response that he filed to petitioner's motion for relief from judgment, the factual basis for the sexual penetration involved petitioner putting his penis between the buttocks of a twelve year old boy. [2] Under Michigan law, a person is guilty of first-degree criminal sexual conduct if he or she engages in sexual penetration of another person and the other person is under 13 years of age. *See Greenwell v. Elo,* 77 Fed. Appx. 790, 792 (6th Cir. 2003)(*citing* Mich. Comp. Laws 750.520b(1)(a)).  Sexual penetration, as defined in Michigan for purposes of first-degree criminal sexual conduct, is any intrusion, however slight, of any part of a person's body or any object into the genital or anal openings of another person's body. *See People v. Hammons,* 210 Mich. App. 554, 557; 534 N. W. 2d 183 (1995); *See also Bower v. Curtis,* 118 Fed.

---

[2] *See* Memorandum Response in Opposition to Defendant's Motion, pp. 4-5, attached to the petition for writ of habeas corpus.

Appx. 901, 905 (6th Cir. 2004). Petitioner's placement of his penis between the victim's buttocks would qualify as sexual penetration under Michigan law. *See People v. Motley,* No. 2009 WL 323500, * 3 (Mich.Ct. App. February 10, 2009)("anal opening," under the definition of sexual penetration, was not limited to the anal canal but could include the "crease of the buttocks.").

    With regard to the fourth felony habitual offender charge, the record is unclear, but the Midland County Prosecutor argued in his response to petitioner's motion for relief from judgment that petitioner was only charged with being a third felony habitual offender, as opposed to being a fourth felony habitual offender, because the plea agreement had already been worked out that petitioner would not be charged with being a fourth felony habitual offender if he accepted the plea agreement. [3]

    Moreover, even if petitioner could not have been charged with being a fourth felony habitual offender, the plea was not illusory. In exchange for petitioner's *nolo contendere* plea, the prosecutor agreed to dismiss the original first-degree criminal sexual conduct charge in Case No. 05-2378 and to dismiss an additional charge of third-degree criminal sexual conduct in Case No. 05-2379. The prosecutor further agreed that petitioner's minimum sentence would be no greater than fifteen years and that the sentences would be served concurrently, as opposed to consecutively. This Court concludes that the plea

---

    [3] See *Id.,* pp. 3-4.

11

and sentence agreement was not illusory because petitioner was promised the dismissal of charges, as well as sentencing considerations, which amounted to a real, tangible benefit in consideration for the plea. *See Daniels v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994). Because petitioner derived a real benefit from his plea bargain in this case, his plea was not illusory and he is not entitled to withdrawal of his plea on this basis. *See McAdoo v. Elo,* 365 F. 3d 487, 498 (6th Cir. 2004).

Petitioner next contends that he should have been permitted to withdraw his plea because his counsel was ineffective for failing to investigate his case, for failing to consult with petitioner, for inadequately advising petitioner regarding a polygraph that he took, for abandoning petitioner at the polygraph, and for failing to challenge petitioner's confession.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A *nolo contendere* plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed,* 688 F. 2d 24, 25 (6th Cir. 1982); *See also Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 747 (E.D. Mich. 2005). Pre-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty or *nolo contendere* plea. *See United States v. Stiger,* 20 Fed. Appx. 307, 309 (6th Cir. 2001); *See also Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002)(habeas petitioner's

12

claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at plea that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement).  Petitioner did not indicate at the time of his plea that he was dissatisfied with his counsel or counsel's advice to plead *nolo contendere*.  Petitioner's ineffective assistance of counsel claim is therefore waived by his *nolo contendere* plea.

Additionally, petitioner was aware of counsel's alleged deficiencies at the time that he entered his *nolo contendere* plea.  The Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d 236, 239 (6th Cir. 1987).  Because petitioner was aware of counsel's alleged deficiencies at the time that he entered his plea, the trial court did not abuse its discretion in denying his motion to withdraw.

Moreover, assuming that counsel was deficient, petitioner is unable to show that he was prejudiced by counsel's deficiencies regarding the advice to plead *nolo contendere*.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient.  This

13

requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.* A habeas petitioner is entitled to habeas relief on an ineffective assistance of counsel claim only if the state court's resolution of the ineffective assistance of counsel claim involved an unreasonable application of *Strickland. See Byrd v. Trombley,* 580 F. Supp. 2d 542, 561 (E.D. Mich. 2008).

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty or *nolo contendere* plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or *nolo contendere. See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner must

14

therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty or *nolo contendere*, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt,* 347 F. Supp. 2d 474, 484 (E.D. Mich. 2004).

Petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading *nolo contendere. See Shanks,* 387 F. Supp. 2d at 750. Petitioner has provided this Court with a letter from Dean Hull, Jr., the victim in Case No. 05-2378. This letter is dated September 13, 2007. In this letter, Hull, who appears to be petitioner's nephew, claims that he lied about the sexual molestation.

Recanting affidavits and witnesses are viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991); *See also Byrd v. Collins,* 209 F. 3d 486, 508, n. 16 (6th Cir. 2000). In addition, "the skepticism with which a court examines such an affidavit is only heightened when the recanting witness is a family member and the witness may have feelings of guilt or may be influenced by family members seeking to change the witness's story." *U.S. v. Coker*, 23 Fed. Appx. 411, 412 (6th Cir. 2001). Skepticism about recantations is especially applicable in cases of child sexual abuse, where recantation is a recurring phenomenon, such as where family members are involved and the child has feelings of guilt or where family members seek to

influence the child to change the story. *United States v. Miner*, 131 F. 3d 1271, 1273-1274 (8th Cir. 1997)(*quoting United States v. Provost*, 969 F. 2d 617, 621 (8th Cir. 1992)). Hull's purported recantation is unsworn and unauthenticated. An unsworn affidavit from a recanting witness is of questionable validity. *See Cress v. Palmer,* 484 F. 3d 844, 855 (6th Cir. 2007)(rejecting actual innocence claim that was based in part on an unsworn statement from a recanting witness). Moreover, Hull does not offer any convincing explanation as to why he waited more than two years to recant his story, particularly when he claims to have been motivated to recant by a guilty conscience. *See Lewis v. Smith,* 110 Fed. Appx. 351, 355 (6th Cir. 2004)(proper for district court to reject as suspicious a witness' recanting affidavit made two years after petitioner's trial). Finally, petitioner's second victim has not recanted her allegations against petitioner.

In light of the foregoing, petitioner has failed to show that he had a viable defense to the charges in this case or that he would have received a lesser sentence by going to trial than by pleading *nolo contendere.* Accordingly, petitioner has failed to show that counsel was ineffective for advising him to plead *nolo contendere.* Petitioner is not entitled to habeas relief on first claim.

### D. Claim # 2. The sentencing claim.

Petitioner next contends that the trial court judge incorrectly scored several offense variables under the Michigan Sentencing Guidelines. Petitioner further contends that counsel was ineffective for failing to object to the scoring of

these guidelines.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Adams v. Burt,* 471 F. Supp. 2d at 844. Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d at 485. Any error by the trial court in calculating petitioner's guideline score or in departing above his sentencing guidelines range alone does not merit habeas relief. *Id.*

Petitioner further claims that his trial counsel was ineffective at sentencing for failing to object to the scoring of the sentencing guidelines.

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context with regards to reviewing federal convictions on direct appeal. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988). However, the AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an

17

unreasonable application of, clearly established federal law. *Miller v. Straub,* 299 F. 3d 570, 578-579 (6th Cir. 2002). The Ninth Circuit has noted, "[W]hen the Supreme Court established the test for ineffective assistance of counsel claims in *Strickland*, the [Supreme] Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which ... may require a different approach to the definition of constitutionally effective assistance.'" *Cooper-Smith v. Palmateer*, 397 F. 3d 1236, 1244 & n. 39 (9th Cir. 2005)(*quoting Strickland,* 466 U.S. at 686). Because the Supreme Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context, there is no clearly established federal law regarding ineffective assistance of counsel claims in noncapital sentencing cases, so as to provide petitioner with a basis for habeas relief on his claim. *Id., See also Davis v. Grigas,* 443 F. 3d 1155, 1158 (9th Cir. 2006).

In any event, assuming that *Strickland* applies to noncapital sentencings, petitioner is unable to show that he was prejudiced by counsel's failure to object to the scoring of these sentencing guidelines variables, because petitioner has failed to establish that his sentence would have been different had counsel objected to the scoring of the sentencing guidelines. In denying petitioner's motion for relief from judgment, the trial court judge concluded that the sentencing guidelines had been correctly scored. *People v. Last,* Nos. 05-2378/ 2379, Slip. Op. at * 3-4. The Michigan Court of Appeals and the Michigan

Supreme Court both subsequently denied petitioner leave to appeal.

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

In light of the fact that the petitioner's sentencing guidelines claim was rejected by the trial court judge when he denied petitioner's motion for relief from judgment and by the Michigan appellate courts when they denied petitioner leave to appeal, petitioner cannot show that he was prejudiced by counsel's failure to object to the scoring of the sentencing guidelines. *See Myers v. Ludwick*, No. 2009 WL 4581693, * 3 (E.D. Mich. December 3, 2009). If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Because petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 Fed. Appx.

19

520, 525-26 (6th Cir. 2007).

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the

standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

s/Marianne O. Battani
**HONORABLE MARIANNE O. BATTANI**
**Dated: August 18, 2010**       **UNITED STATES DISTRICT JUDGE**

CERTIFICATE OF SERVICE

      I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner and counsel for the Respondent via ordinary U.S. Mail and/or electronically.

<u>s/Bernadette M. Thebolt</u>
Case Manager